# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**KEVIN MCCUNE,**
**Claimant Below, Petitioner**

**vs.)    No. 21-0478** (BOR Appeal No. 2055880)
(Claim No. 2017016685)

**FEDEX FREIGHT, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Kevin McCune, by Counsel J. Robert Weaver, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). FedEx Freight, Inc., by Counsel Alan Wolfson, filed a timely response.

The issue on appeal is an additional compensable condition. The claims administrator denied a request to add acromioclavicular joint arthritis of the left shoulder to the claim on February 1, 2019. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decision in its October 7, 2020, Order. The Order was affirmed by the Board of Review on May 20, 2021.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-15, in relevant part, as follows:

(c) In reviewing a decision of the Board of Review, the Supreme Court of Appeals shall consider the record provided by the board and give deference to the board's findings, reasoning, and conclusions . . . .

(d) If the decision of the board represents an affirmation of a prior ruling by both the commission and the Office of Judges that was entered on the same issue

1

in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of constitutional or statutory provision, is clearly the result of erroneous conclusions of law, or is based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record. The court may not conduct a de novo reweighing of the evidentiary record . . . .

*See Hammons v. W. Va. Off. of Ins. Comm'r,* 235 W. Va. 577, 582-83, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. West Virginia Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Mr. McCune filed a workers' compensation claim for an upper back injury sustained on January 9, 2017, while exiting a truck. The claims administrator rejected the claim on January 16, 2017. The Office of Judges reversed the decision on June 4, 2018, but limited the compensable diagnosis to the thoracic spine. It stated that there was not enough evidence to support a left shoulder diagnosis. The Office of Judges noted that Mr. McCune did not initially report a left shoulder injury or symptoms and that he had a preexisting left shoulder condition.

In a November 15, 2018, letter, Naresh Nayak, M.D., opined that Mr. McCune's acromioclavicular joint arthritis was not caused by the compensable injury; however, the injury could have aggravated the preexisting condition. He stated that it would be difficult to determine if the injury caused the biceps or labral tears. Dr. Nayak concluded that though Mr. McCune's arthritis was not caused by the compensable injury, it was reasonable to expect that the compensable injury would have aggravated his preexisting condition. In a January 16, 2019, Diagnosis Update, Dr. Nayak requested the addition of aggravation of acromioclavicular joint arthritis to the claim. The claims administrator denied a request to add aggravation of acromioclavicular joint arthritis of the left shoulder to the claim on February 1, 2019.

In an August 14, 2018, Independent Medical Evaluation, Paul Bachwitt, M.D., opined that Mr. McCune had reached maximum medical improvement for his compensable injury and assessed 5% thoracic spine impairment. In a March 12, 2019, Addendum to his evaluation, Dr. Bachwitt noted that Mr. McCune had preexisting left acromioclavicular joint arthritis and a long history of neck and back pain. He further noted that Mr. McCune previously underwent low back surgery. Dr. Bachwitt opined that aggravated left shoulder joint arthritis should not be added to the claim. A December 28, 2019, treatment note from Holzer Clinic indicates Mr. McCune was diagnosed with shoulder pain on May 25, 2010, and with left acromioclavicular joint arthritis on July 7, 2016.

The Office of Judges affirmed the claims administrator's denial of a request to add aggravation of acromioclavicular joint arthritis of the left shoulder to the claim in its October 7, 2020, Order. It found that the evidence shows that Mr. McCune suffered from acromioclavicular joint arthritis prior to the compensable injury, as found by both Drs. Nayak and Bachwitt. In his request to add aggravation of acromioclavicular joint arthritis to the claim, Dr. Nayak opined that

2

the preexisting arthritis could have been aggravated by the compensable injury. The Office of Judges concluded that per *Gill v. City of Charleston*, 236 W. Va. 737, 783 S.E.2d 857 (2016), a mere aggravation of a preexisting injury cannot be held compensable unless it results in a discrete new injury. Therefore, the claims administrator's denial of the addition of acromioclavicular joint arthritis of the left shoulder to the claim was affirmed. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on May 20, 2021.

After review, we reverse and remand the case for further development of the evidentiary record and analysis under *Moore v. ICG Tygart Valley, Inc.*, No. 20-0028, ___ W. Va. ___, ___ S.E.2d ___, 2022 WL 1262269 (W. Va. Apr. 28, 2022). Mr. McCune argues before this Court that the compensable injury resulted in an aggravation of his preexisting acromioclavicular joint arthritis, and the condition should therefore be added to the claim. In Syllabus Point 5 of *Moore*, this Court stated that

> [a] claimant's disability will be presumed to have resulted from the compensable injury if: (1) before the injury, the claimant's preexisting disease or condition was asymptomatic, and (2) following the injury, the symptoms of the disabling disease or condition appeared and continuously manifested themselves afterwards. There still must be sufficient medical evidence to show a causal relationship between the compensable injury and the disability, or the nature of the accident, combined with the other facts of the case, raises a natural inference of causation. This presumption is not conclusive; it may be rebutted by the employer.

Though Mr. McCune had acromioclavicular joint arthritis prior to the compensable injury, the record is unclear when, or if, his symptoms ceased before the compensable injury occurred.

Due to the recent changes in the workers' compensation case review procedure, we remand this case to the Board of Review for such evidentiary development. West Virginia Code § 23-5-8a(a) provides that

> [t]he Workers' Compensation Office of Administrative Law Judges, referred to as the Office of Judges, shall terminate on or before October 1, 2022, as provided in §23-5-8b of this code. All powers and duties of the Office of Judges to review objections, protests, or any other matter authorized by this chapter, shall be transferred to the Workers' Compensation Board of Review on July 1, 2022: *Provided*, That any objection or other matter filed pursuant to this chapter and pending before the Office of Judges upon its termination, in which a final decision has not been issued, shall also be transferred to the Workers' Compensation Board of Review as provided in §23-5-8b of this code.

We therefore reverse and remand the case to the Board of Review for further development of the evidentiary record and analysis under *Moore*.

Reversed and Remanded with Directions.

**ISSUED: October 18, 2022**


**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton

**DISSENTING:**

Justice C. Haley Bunn


BUNN, Justice, dissenting:

  Justice Bunn dissents and would vote to affirm the Board of Review's Order because the evidentiary record does not support a finding that the claimant's left shoulder condition was asymptomatic at the time of his compensable injury as required by the compensability analysis set forth in Syllabus point 5 of *Moore v. ICG Tygart Valley, Inc.*, No. 20-0028, 2022 WL 1262269, ___ W. Va. ___, ___ S.E.2d ___ (W. Va. Apr. 28, 2022).